NUMBER 13-02-714-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MARTIN REFUGIO VILLARREAL,                                             Appellants,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza

                             Opinion by Chief Justice Valdez
           
          After a bench trial, appellant, Martin Refugio Villarreal, was convicted of hindering
apprehension or prosecution


 and sentenced to four years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant’s sentence was
suspended, and he was released on community supervision. Appellant raises the following
three points of error on appeal: (1) the State unconstitutionally withheld exculpatory
evidence; (2) the evidence is factually insufficient to support his conviction; and (3) the trial
court unconstitutionally placed the burden-of-proof on appellant to present evidence of his
innocence. We reverse and remand the case for a new trial.
I. Factual and Procedural Background 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis Factual Insufficiency 
          In his second point of error, appellant contends the evidence is factually insufficient
to support his felony conviction for hindering apprehension or prosecution. Appellant
asserts the evidence is insufficient to show he harbored, concealed, warned or provided
any means of avoiding or hindering the arrest of Robert Anthony Galvan (Anthony). 
Appellant further asserts that there is no evidence of record to show he knew Anthony was
wanted for a felony offense. Thus, appellant contends, at most, he is guilty of the
misdemeanor version of the offense.
Standard of Review
          The standard of review used in challenges to the factual sufficiency of the evidence
is well-settled. See Wheaton v. State, 129 S.W.3d 267, 272 (Tex. App.–Corpus Christi
2004, no pet.). Accordingly, we will not recite it here. See Tex. R. App. P. 47.4.
          The elements of the offense of hindering apprehension or prosecution are found in
section 38.05 of the penal code, which provides:
 (a) A person commits an offense if, with intent to hinder the arrest,
prosecution, conviction, or punishment of another for an offense or, with
intent to hinder the arrest, detention, adjudication, or disposition of a child for
engaging in delinquent conduct that violates a penal law of the grade of
felony, he:
 
   (1) harbors or conceals the other;
 
   (2) provides or aids in providing the other with any means of avoiding
   arrest or effecting escape; or
 
   (3) warns the other of impending discovery or apprehension.
 
   (b) It is a defense to prosecution under Subsection (a)(3) that the warning
was given in connection with an effort to bring another into compliance with
the law.
 
   (c) An offense under this section is a Class A misdemeanor, except that
the offense is a felony of the third degree if the person who is harbored,
concealed, provided with a means of avoiding arrest or effecting escape, or
warned of discovery or apprehension is under arrest for, charged with, or
convicted of a felony, or is in custody or detention for, is alleged in a petition
to have engaged in, or has been adjudicated as having engaged in
delinquent conduct that violates a penal law of the grade of felony, and the
person charged under this section knew that the person they harbored,
concealed, provided with a means of avoiding arrest or effecting escape, or
warned of discovery or apprehension is under arrest for, charged with, or
convicted of a felony, or is in custody or detention for, is alleged in a petition
to have engaged in, or has been adjudicated as having engaged in
delinquent conduct that violates a penal law of the grade of felony.
 
Tex. Pen. Code Ann. § 38.05 (Vernon 2004).
Analysis
          To prove its case, the State relied on the testimony of four witnesses: Patrolman
Dennis Anders; Patrolman Dennis Chupe; Patrol Supervisor Roberto Gonzales, Jr.; and 
Patrol Captain Leroy Grumbles. Appellant relied on the testimony of Robert Anthony
Galvan. Appellant did not testify on his own behalf.
          Anders, Chupe, Gonzales and Grumbles provided similar accounts of the events
surrounding appellant’s arrest. While on routine patrol, Anders saw three individuals
standing at the front door of Roberto Galvan’s (Roberto) residence and recognized one
of them as Anthony, Roberto’s son. Anders was aware Anthony was wanted on a felony
arrest warrant; therefore, he began to turn his car around to confront Anthony. As Anders
was turning around, he could hear Anthony shouting, “[open] the door, the cop is turning
around.” Anders stated the door opened, and the three individuals entered the house. 
          Once at the residence, Anders testified that he knocked on the front door several
times before Roberto opened the door. Roberto told Anders that his son was not inside
the house, as Anthony had run out the back door. Anders asked permission to enter the
house, but Roberto refused, shut the door and locked it. Anders then went to the back of
the residence to look for evidence someone had run out the back door. After he found
none, he concluded Anthony was still inside the house. 
          Meanwhile, Chupe, Gonzales, and Grumbles arrived at the scene. The officers
secured the perimeter of the house and tried several more times to obtain permission for
entry into the house. Grumbles sent Anders to obtain a search warrant. When Anders
returned with the warrant, the officers entered the house. They saw appellant and Marissa
Reynolds sitting on a couch in the living room. Chupe, Gonzales and Grumbles asked
appellant where Anthony was, and appellant replied he did not know.
          The officers searched the house and eventually found Anthony hiding in a crawl
space in the attic. The entry to the attic was eight feet off the ground, and assistance
would be required to get into the crawl space. Anders had to use a ladder to get into the
attic. Appellant was arrested after Anthony was in custody. 
          Anthony testified that he was with appellant on the night of the offenses and that
appellant had entered his home with him after Anthony noticed the police car. Anthony
stated he entered the house and immediately exited the back door, but he ran back inside
when he saw a flashlight in the backyard. He testified he entered the back bedroom and
climbed into the attic through the opening in the closet unassisted. He stated he used the
shelves in the closet to boost himself up to and through the entry of the attic. Anthony
testified that no one saw him reenter the house.
          Appellant was convicted of the felony version of the offense. See Tex. Pen. Code.
Ann. § 38.05(c) (Vernon 2004). To upgrade appellant’s conviction to the felony variety, the
State must prove: (1) the person harbored or concealed was wanted, convicted, or
charged with a felony offense, and (2) the person who harbored or concealed the individual
knew the person harbored or concealed was wanted, convicted, or charged with a felony
offense. Id. 
          There is sufficient evidence of record to establish appellant was wanted on a felony
offense; Anders testified that there was a felony arrest warrant for Anthony’s arrest. The
State points to the testimony of Anders and Grumbles to establish appellant knew Anthony
was wanted on a felony arrest warrant. Anders testified that he “believed” he told Roberto
that there was a felony arrest warrant for Anthony. Grumbles testified that appellant would
have heard what the officers were saying inside the house. Thus, the State is arguing that
appellant must have heard the possible exchange between Anders and Roberto. 
Grumbles’ testimony and the State’s inference are speculative at best. We conclude the
evidence, or lack thereof, supporting appellant’s felony conviction for hindering
apprehension or prosecution is so weak as to be clearly wrong and manifestly unjust. 
Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). We sustain appellant’s
second point of error.
          The proper disposition when a reviewing court sustains a factual sufficiency
challenge is a remand for a new trial. Swearingen, 101 S.W.3d at 97. Our disposition of
appellant’s second point of error renders appellant’s first and third points of error moot;
therefore, we will not address them. See Tex. R. App. P. 47.4. 
III. Conclusion
          We reverse the judgment of the trial court and remand the case for a new trial. 
 
 
 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
 
Memorandum Opinion delivered and filed
this 9th day of December, 2004.